**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL S. YELLEN,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>ANA M. OLIVAREZ; et al.,<br><br>    Defendants-Appellees. | No.    12-17445<br><br>D.C. No.<br>2:94-cv-01298-GEB-DAD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted September 1, 2016[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

   Michael Yellen appeals the district court's order granting summary

judgment in favor of Defendants on his Eighth Amendment claim under 42 U.S.C.

§ 1983.  Yellen alleged he was subjected to cruel and unusual punishment while

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

incarcerated at Deuel Vocational Institution (DVI) because the water at DVI appeared, smelled, and tasted bad, and was harmful to his health. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Yellen contends the district court erred by denying his motion to reopen discovery filed over ten years after discovery closed. Yellen requested additional discovery related to a $36,000,000 water treatment plant that was installed at DVI after he left, and he requested an order permitting him to access DVI to collect additional water samples. The district court has "wide latitude" over discovery decisions, and we review its decisions for abuse of discretion. *Volk v. D.A. Davison & Co.*, 816 F.2d 1406, 1416–17 (9th Cir. 1987). The court "abuses its discretion only if the movant diligently pursued its previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002). Yellen did not demonstrate how reopening discovery would have precluded summary judgment. Evidence of construction of a water treatment plant after Yellen left DVI would not negate the court-appointed expert's conclusion that water samples taken at the time of Yellen's confinement did not pose a health hazard, nor would water samples collected years after he left DVI.

Yellen also argues that the district court erred by granting summary judgment to defendants on his Eighth Amendment claim. We review de novo the district court's summary judgment order. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). The district court properly determined that Yellen did not raise a triable issue of fact on this claim. To prove an Eighth Amendment violation based on prison conditions, Yellen was required to provide: (1) an objective showing of a denial of "the minimal civilized measures of life's necessities"; and (2) a subjective showing that prison officials acted with "deliberate indifference" by allowing the deprivation to occur. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (9th Cir. 1981). Yellen's allegation that the DVI water appeared, smelled, and tasted bad, even if proven, did not constitute an Eighth Amendment violation because the Eighth Amendment requires only that food and water be "adequate to maintain health," not that it be "tasty or aesthetically pleasing." *Keenan v. Hall*, 83 F.3d 1038, 1091 (9th Cir. 1996). The district court properly determined that Yellen did not raise a triable issue of fact on his other allegation—that the DVI water posed a health hazard—because Yellen provided insufficient evidence to counter the court-appointed expert's conclusion that the water posed no health hazard.

AFFIRMED.

3